UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| WEI QIU, ) | |
| ) | |
| Plaintiff, ) | Civil No. 3:21-cv-00027-GFVT |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| ANDERSON COUNTY HIGH SCHOOL ) | **&** |
| and ANDERSON COUNTY SCHOOLS, ) | **ORDER** |
| ) | |
| Defendants. ) | |

*** *** *** ***

This matter is before the Court on a plethora of motions and related filings. Proceeding *pro se*, Ms. Qiu brought this action alleging Anderson County violated Title VII by discriminating against her on the basis of her race, color, and national origin. [R. 1.] She claims she was not hired for a chemistry teacher position because of her Chinese accent. *Id.* at 5. Many filings have been submitted since the action was initiated, including pending motions: (1) to dismiss, (2) to dismiss the motion to dismiss, (3) for summary judgment, (4) for leave to file a sur-reply, and (5) to amend. [R. 9; R. 10; R. 13; R. 19; R. 20; R. 27.] The Court will resolve each in turn.[1]

I

Ms. Qiu applied for a chemistry teacher position with Anderson County High School in April 2020. [R. 1 at 5.] At the time, she had two and a half years of experience and was a

---

[1] This case is very similar to another filed by the Plaintiff in this Court against another Kentucky public high school, also for employment discrimination. *Qiu v. Scott Cnty. Schools*, 5:21-cv-00197-GFVT. That case presents nearly the same issues as are present here. For consistency, the Court's Orders in each case will share some analysis and conclusions.

"Kentucky licensed chemistry teacher." *Id.* She claims she was "well qualified" for the position. *Id.* After interviewing on May 8, she regularly contacted the assistant principal to "convince him" to hire her. *Id.* On May 29, a white candidate was interviewed and was hired the next day. *Id.* Ms. Qiu claims "when a white speaking perfect English was found, [the assistant principal] was satisfied." *Id.* She alleges this violates Title VII because the assistant principal "was not uniform to the white candidate and me whom was a Chinese with accent." *Id.* Ms. Qiu filed a complaint with the EEOC on September 10, 2020 and received a Right to Sue letter on May 28, 2021. *Id.* at 6. She filed this complaint on July 7, requesting relief in the form of wages, medical insurance, dental and visual insurance, and retirement funds. *Id.* at 7.

## II

The Court recognizes that it is to liberally construe Ms. Qiu's pleadings because she is proceeding *pro se*. *See Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016). This approach is balanced by the fact that the Plaintiff is still bound by the Federal Rules of Civil Procedure and this District's Local Rules. *See Martinez v. Litteral*, 2020 U.S. Dist. LEXIS 142289, at *2 (E.D. Ky. May 13, 2020) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Ms. Qiu is aware that she is subject to these rules. [R. 4.] The Court will address each of the pending motions within that framework.

### A

The first pending motion is the Anderson County Defendants' Motion to Dismiss. They assert that the Plaintiff did not properly initiate this action because (1) the named Defendants are not *sui juris* entities, (2) the summons was deficient for not identifying an individual who can receive service for a defendant, and (3) service was not effectuated because there is no proof that process was served on an individual able to receive it. [R. 9 at 1-3.] In response, Ms. Qiu filed a

2

"Motion to Dismiss the Motion to Dismiss," arguing it does not dispute facts in the complaint and that Title VII applies to all school districts. [R. 10.] She also claims the Defendants she named—Anderson County Schools and Anderson County High School—are "short forms" for the Anderson County Board of Education. [R. 10-1 at 6.] The Court will construe this "motion" as a response to the Motion to Dismiss. [R. 9.] Ms. Qiu then filed further support for that response, specifically citing the EEOC guidelines establishing when a government body is subject to Title VII and that Title VII actions are civil rights claims. [R. 11.]

The Anderson County Defendants filed a "response" to Ms. Qiu's "Motion to Dismiss," arguing (1) the motion was untimely as a response, (2) contained insufficient or inapplicable legal arguments, and (3) the further supporting document is improper. [R. 12.] The Local Rules provide parties twenty-one days to file a response to a motion. LR 7.1(c). Ms. Qiu's construed response is untimely because it was filed over a month after the Motion to Dismiss, so the Court is not obligated to consider it. *United States v. Pleasant*, 12 Fed. App'x 262, 269 (6th Cir. 2001). Even if the response were properly filed, the Court does not find it persuasive for the reasons explained below. The additional documentation provided by Ms. Qiu is also not helpful. [R. 11.] She attaches the EEOC guidelines establishing that (1) government bodies with fifteen or more employees are subject to Title VII and (2) Title VII involves civil rights. [R. 11-2.] These guidelines do not establish that "Anderson County High School" and "Anderson County Schools" can be sued on their own.

After filing its Motion to Dismiss, Anderson County filed a "Reply" in support. [R. 18.] The Local Rules allow fourteen days to file a reply following a response. LR 7.1(c). The reply is technically untimely because it was filed November 16, months after the Plaintiff's September 7 filing, which is being construed as the response. But the Court recognizes this is likely because

the Plaintiff's November 2 "Motion in Response to All the Documents of the Defendant" was docketed as a response to the Motion to Dismiss, though it was not captioned as such. [*See* R. 16.] In fact, the Plaintiff never filed a document captioned as a response to the Motion to Dismiss. Due to the confusion, the Court will consider the arguments presented in the Defendants' technically untimely Reply. [R. 18.]

1

First, the Court will address the Anderson County Defendants' latter arguments regarding the summons and service. They argue the summons issued in this matter was deficient because it was only addressed to "Anderson County Schools," not an individual who can receive process. *Id.* at 3. They cite Rule 4(j)(2), which states a government organization can be served in the manner allowed by state law, and Kentucky Rule of Civil Procedure 4.04(7), which states a "public board" is served by serving a member of the board. Therefore, they claim the summons was deficient for naming "Anderson County Schools" and not an individual who could receive service. [R. 9 at 2-3.]

This argument is not in accord with the text of Rule 4(a)(1), which states that a summons must contain the name of the court and the parties and "be directed to the defendant." Fed. R. Civ. P. 4(a)(1). "The defendant" does not necessitate the summons be directed to someone who can be served o*n behalf of* an organization. Rather, the summons must only be directed to the defendant organization itself, then be served on someone authorized to receive service. The summons was not deficient because it did not name an individual; rather, it was deficient because it named "Anderson County Schools" as the Defendant. The Kentucky Supreme Court has definitively held the proper defendant for an action against a Kentucky public school is the governing Board of Education. *Forte v. Nelson Cnty. Bd. of Educ.*, 337 S.W.3d 617, 625 (Ky.

4

2011). The summons therefore should have been directed to the Anderson County Board of Education. Because Rule 4(a)(2) allows the Court to "permit a summons to be amended," the Court will grant Ms. Qiu thirty days to file an amended summons naming the correct defendant.[2] Fed. R. Civ. P. 4(a)(2).

The Anderson County Defendants are correct that the summons was not properly served. They claim Ms. Qiu's proof of service does not identify an individual on whom she accomplished service. [R. 9 at 3.] Rather, it indicates she "sent the summons to Anderson County Schools . . . by certified mail." [R. 8 at 2.] She attaches the certified mail receipt and tracking information. [R. 8-2.] Certified mail is not a proper method of effectuating service on a state government organization, so the attempted service was inadequate. Fed. R. Civ. P. 4(j)(2); Ky. R. Civ. P. 4.04(7).

Rule 4(m) states service must be effectuated within ninety days after the complaint is filed but allows the court to order service be made in a specified time if the defendant is not served in that timeframe. The Sixth Circuit prefers courts to allow a second attempt to properly serve the defendant, rather than dismiss the case for improper service. *Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1952) ("if the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later.") The Court further notes that Ms. Qiu attempted to ensure that the entity she reasonably believed was the correct defendant received the summons by using certified mail and tracking the package to confirm it

---

[2] Courts in this District have regularly allowed *pro se* plaintiffs an opportunity to correct their summons and properly effectuate service. *See Howard v. Hopp*, 21-cv-11247, 2022 U.S. Dist. LEXIS 69178, at *17 (E.D. Mich. Apr. 14, 2022); *Finley v. Blue Cross Blue Shield*, 1:20-cv-00215-DCLC-SKL, 2021 U.S. Dist. LEXIS 24924, at *3 (E.D. Tenn. Feb. 19, 2021); *Craig v. Dep't of Children's Servs.*, 2:17-cv-02522-SHM-cgc, 2018 U.S. Dist. LEXIS 191578, at *8 (W.D. Tenn. Nov. 8, 2018); *Carter v. United States*, 1:17-cv-248, 2017 U.S. Dist. LEXIS 154381, at *4 (S.D. Ohio Sept. 21, 2017). This reflects the general preference not to dismiss *pro se* actions for procedural violations committed by non-professional advocates. *See Brown*, 415 Fed. App'x at 614-15.

was delivered. Accordingly, pursuant to Rule 4(m) and Circuit preference, the Court will grant Ms. Qiu another thirty days to properly effectuate service under Rule 4(j).

**2**

The Anderson County Defendants also base their Motion to Dismiss on the Plaintiff's failure to name the correct defendant. [R. 9 at 1-2.] As explained above, a Kentucky public school's governing Board of Education is a necessary party to a lawsuit against the school. *Forte*, 337 S.W.3d at 625. Ms. Qiu later filed a Motion to Amend her Complaint to name the Anderson County Board of Education as the Defendant. [R. 27.] Resolution of this motion will control the Court's ruling on this portion of the Motion to Dismiss, so the Court will address it before finally resolving the Motion to Dismiss.

The Anderson County Defendants object to Ms. Qiu's Motion to Amend, arguing the defective complaint cannot be cured merely by amending the named defendant. [R. 28.] They contend the complaint's defect makes it a "legal nullity," so Ms. Qiu has not properly invoked the Court's jurisdiction. *Id.* at 2. Ms. Qiu then filed a "Motion to Strike" the Defendants' response, claiming the complaint is correct as written because there are many cases in which a school itself has been named as a defendant. [R. 29.] Because this motion responds to Anderson County's response, the Court will construe it as a reply in support of her Motion to Amend, though it actually argues amendment is not required. *Id.* She states her motion "is for the convenience to the court to order this case when defendant is not satisfied with its name." *Id.* at 3.

The Defendants are correct that the Court does not have personal jurisdiction over them because the Plaintiff did not effectuate service. *Harris v. City of Cleveland*, 7 Fed. App'x 452, 456 (6th Cir. 2001) (citations omitted). But this does not preclude the Court from considering

Ms. Qiu's Motion to Amend. In *Marks*, the Sixth Circuit ruled it was an abuse of discretion to "[dismiss] the suit without first considering the Motion to Amend" in light of Rule 15(a)'s "liberal policy of amendment." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987). The Court finds it is appropriate to consider whether Ms. Qiu can amend her complaint even though the Defendants have not been properly served.

Ms. Qiu's assertions that the complaint correctly names the Defendants are misguided. She alleges she has found "a lot of cases which are without Board of Education" in the Eastern District, even after the ruling in *Forte*. [R. 29 at 1-2.] But many of those cases *do* include the Board of Education as a defendant, as required by *Forte*.[3] *See, e.g. Cox v. Boone Cnty. Sch. Dist.*, 20-56-WOB-CJS, 2020 U.S. Dist. LEXIS 260727, at *1 (E.D. Ky. July 27, 2020); *Horton v. Boone Cnty. Sch. Dist.*, 2:13-cv-77, 2013 U.S. Dist. LEXIS 129389, at *1 (E.D. Ky. Sept. 11, 2013). *Forte* held that a Board of Education is a *necessary* party, so it is irrelevant that there are cases in which the school district is listed as an additional party. 337 S.W.3d at 625. The Plaintiff's complaint is inadequate because she is only attempting to sue entities that "cannot . . . act alone," as they are under the control of the Anderson County Board of Education. *Id.* Therefore, amendment is necessary.

The Court can grant leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2) and should do so "freely" "when justice so requires." Amendments are especially encouraged in *pro se* proceedings, "particularly where deficiencies in a complaint are 'attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements.'" *Brown v. Matauszak*, 415 Fed. App'x 608, 614 (6th Cir. 2011) (quoting *Reynoldson v. Shillinger*,

---

[3] The Court cannot confirm that each of the cases cited by Ms. Qiu include a Board of Education as a defendant because they are not cited properly. Rather than provide a case citation, the Plaintiff submitted a screenshot of Pacer search results.

907 F.2d 124, 126 (10th Cir. 1990)).  The Court is required to "allow ample opportunity for amending the complaint when it appears that the pro se litigant would be able to state a meritorious claim." *McCallum v. Gilless*, 38 Fed. App'x 213, 216 (6th Cir. 2002) (citations omitted).   A "meritorious" claim is not necessarily a "winner," it need only be "non-frivolous." *Brown*, 415 Fed. App'x at 614.  Ms. Qiu alleges that she was denied employment with Anderson County due to her race, color, and national origin after the interviewer heard her Chinese accent. [R. 1 at 4-6.]  This could constitute employment discrimination, so Ms. Qiu's claim is meritorious.  Accordingly, the Court will grant Ms. Qiu's motion to amend the named defendant to the Anderson County Board of Education.  [R. 27.]  Ms. Qiu did not file a complete version of her amended complaint, so the Court grants her ten days following the entry of this Order to file a complete amended complaint.  [*See* R. 27-2.]  Accordingly, Anderson County's Motion to Dismiss is denied as moot to the extent it claims the wrong defendant was named.

**3**

Following Anderson County's Motion to Dismiss and subsequent response and reply, the parties submitted an additional six filings related to that motion, including another "Motion to Dismiss" the Motion to Dismiss, filed by Ms. Qiu.  [R. 13; R. 14; R. 15; R. 16; R. 17; R. 18.] The Local Rules, which Ms. Qiu was informed she needed to follow, clearly establish that once a motion is filed, the party opposing it can file a response, then the party that filed the motion can file a reply.  *See* [R. 4]; LR 7.1(c).  Every motion must "state with particularity (1) the grounds for the motion, (2) the relief sought, and (3) the legal argument necessary to support it."  LR 7.1(a).  Once the motion, response, reply process occurs, the motion is submitted to the Court for decision.  LR 7.1(g).  Pleadings outside of this pattern are considered sur-replies, which are not authorized under the Federal Rules of Civil Procedure or the Local Rules.  *Chenault v.*

*Randstand USA Mfg. & Logistics*, 2019 U.S. Dist. LEXIS 84433, at *8-*9 (E.D. Ky. May 20, 2019). Sur-replies can be filed with permission from the Court, but such permission is only granted if the reply raises a new argument or evidence. *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003).

None of the Plaintiff's filings between the Motion to Dismiss and Motion for Summary Judgment are appropriate because they are extraneous to the motion, response, and reply provided for by the local rules. [R. 13; R. 14; R. 16; R. 17.] Ms. Qiu did not have permission to file any of these motions, so they constitute improper sur-replies. Further, the "motions" do not state the grounds they rely on and largely repeat arguments made in other pleadings. *See id.* Therefore, the Court will not consider them, and will deny the "Motion" at [R. 13].

B

Next, Ms. Qiu filed a motion for summary judgment. Technically, summary judgment is available "any time until 30 days after the close of all discovery," but it usually does not occur while a motion to dismiss is pending and the defendant has not answered the complaint, as is the case here. Summary judgment is also inappropriate when the parties have not had adequate time to engage in discovery. *Maki v. Laakko*, 88 F.3d 361, 367 (6th Cir. 1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)); *White's Landing Fisheries v. Buchholzer*, 29 F.3d 229, 231 (6th Cir. 1994).

Ms. Qiu claims she is entitled to summary judgment because the Anderson County Defendants' Motion to Dismiss does not dispute the facts raised in her complaint. [R. 19 at 1.] This is true, but only because they have not yet filed their answer to the complaint—which would presumably dispute many of its operative factual allegations—because there is a pending motion to dismiss. Rule 12(a)(4) allows a defendant to wait until its motion to dismiss has been

9

resolved before filing their answer. Fed. R. Civ. P. 12(a)(4). Anderson County has not yet had the opportunity to dispute the facts in the complaint *or* conduct discovery on those claims, so summary judgment is inappropriate. Ms. Qiu's single statement that Anderson County has not disputed her facts is insufficient to establish that there is no genuine issue of material fact. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Further, she presents no legal argument as to why she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Her motion for summary judgment will be denied without prejudice, so she is free to re-file the motion when summary judgment is appropriate.

### C

Ms. Qiu also filed a "Motion in Response" to Anderson County's reply in support of its motion to dismiss. [R. 20.] This filing was docketed as a Motion for Leave to File Sur-Reply because the Motion to Dismiss, response, and reply had been filed. Accordingly, the motion had been submitted to the Court for decision. LR 7.1(g). The Anderson County Defendants argue Ms. Qiu should not be able to file her sur-reply, pointing out the degree to which sur-replies are disfavored and that she does not respond to a newly raised argument. [R. 22.] Ms. Qiu insists the motion is not a sur-reply because is has "nothing to do with summary judgment." [R. 25 at 1.]

The Court does not abuse its discretion when it denies leave to file a sur-reply to a reply that is within the bounds of the original briefing. *Modesty v. Shockley*, 434 Fed. App'x 469, 472 (6th Cir. 2011). Anderson County accurately states that the reply in support of the Motion to Dismiss was within the scope of the original motion. [R. 22.] Accordingly, there is no justification for Ms. Qiu's attempt to file a sur-reply. It is unclear why she believes she should be able to file a sur-reply because it "has nothing to do with summary judgment." [R. 25 at 1.]

Motions to dismiss are subject to the same motion, response, reply pattern as motions for summary judgment. Ms. Qiu's motion at [R. 20], docketed as a motion for leave to file a sur-reply, is denied.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Defendants' Motion to Dismiss **[R. 9]** is **DENIED WITHOUT PREJUDICE** to the extent it claims the summons and service were deficient and **DENIED AS MOOT** to the extent it claims the wrong defendant was named;

2. The Plaintiff's Motion to Dismiss the Motion to Dismiss **[R. 10]** is **CONSTRUED** as a Response to the Motion to Dismiss;

3. The Plaintiff's Second Motion to Dismiss the Defendant's Motion and Response **[R. 13]** is **DENIED**;

4. The Plaintiff's Motion for Summary Judgment **[R. 19]** is **DENIED WITHOUT PREJUDICE**;

5. The Plaintiff's "Motion in Response," docketed as a Motion for Leave to File Sur-Reply, **[R. 20]** is **DENIED**;

6. The Plaintiff's Motion to Amend **[R. 27]** is **GRANTED** and the Plaintiff is **ORDERED** to file a complete amended complaint into the record within ten (10) days following the entry of this Order;

7. Once the complete amended complaint is filed, the Clerk is **DIRECTED** to file the amended complaint into the record;

8. The Court **GRANTS** the Plaintiff **thirty (30) days** following the entry of this Order to file an amended summons and effectuate service of process.

This the 9th day of May, 2022.

Gregory F. Van Tatenhove
United States District Judge