UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| WEI QIU, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:21-cv-00027-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| BOARD OF EDUCATION OF | ) | **&** |
| ANDERSON COUNTY, KENTUCKY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Plaintiff's Motion to Amend the Complaint. [R. 36.]  Proceeding *pro se*, Ms. Qiu brought this action alleging that Anderson County violated Title VII by discriminating against her on the basis of her race, color, and national origin. [R. 1 at 4.] She claims she was not hired for a chemistry teacher position because of her Chinese accent. *Id.* at 5.  The Court previously allowed Ms. Qiu to amend her Complaint to name the correct defendant and the parties have proceeded to discovery. [R. 30.]  Ms. Qiu now asks the Court for leave to amend her Complaint again, adding new allegations of discrimination she found in discovery. [R. 36.]  For the reasons that follow, the Motion is **DENIED**.

**I**

Ms. Qiu applied for a chemistry teacher position with Anderson County High School in April 2020. [R. 1 at 5.]  At the time, she had two and a half years of experience and was a "Kentucky licensed chemistry teacher." *Id.*  She claims she was "very well qualified" for the position. *Id.*  The Assistant Principal, Josh White, informed her multiple times after her interview that they were still searching for a candidate. *Id.*  The school interviewed a white

candidate in May 2020 and hired them that day.  *Id*.  Ms. Qiu believes she was not hired because she is Chinese and speaks with an accent.  *Id*.  She received a Right to Sue letter from the EEOC on May 28, 2021.  [R. 1-2.]  She filed this complaint on July 7.  [R. 1.]  She now asks to amend her Complaint to add new instances of discrimination that she found during discovery.  [R. 36.]

## II

The Court recognizes that it is to liberally construe Ms. Qiu's pleadings because she is proceeding pro se.  *See Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016).  This approach is balanced by the fact that the Plaintiff is still bound by the Federal Rules of Civil Procedure and this District's Local Rules.  *See Martinez v. Litteral*, 2020 U.S. Dist. LEXIS 142289, at *2 (E.D. Ky. May 13, 2020) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

The Court can grant leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2) and should do so "freely" "when justice so requires."  Justice does not require leave to amend if the requested amendment would be futile.  *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993).  Amendment is futile if the amended complaint would not survive a motion to dismiss.  *Id*.  While pro se complaints are granted more leniency than those drafted by attorneys, they still must state a plausible claim for relief to survive a motion to dismiss.  *Ogle v. Columbia Gas Transmission, LLC*, 513 Fed. App'x 520, 522 (6th Cir. 2013).  Accordingly, a pro se litigant's proposed amended complaint must state a plausible claim for relief to warrant leave to amend.

Ms. Qiu asks to amend her Complaint to add four new instances of alleged discrimination that she found during discovery.  [R. 36.]  She lists four "job communications" she sent to Principal Chris Glass, all of which she alleges he ignored.  *Id*.  She also claims she interviewed with Principal Glass "around 2014 or 2015" but did not get the position because of her Chinese

accent. *Id.* at 2.  Anderson County objects to the Motion to Amend.  [R. 37.]  It claims the Motion should be denied as futile because the new allegations are barred by the statute of limitations and failure to exhaust administrative remedies with the EEOC.  *Id.* at 3-7.

The Court denies the Motion to Amend because it is futile.  Plaintiffs pursuing discrimination claims under Title VII must exhaust their administrative remedies by timely filing a charge with the EEOC.  *Williams v. CSX Transp. Co., Inc.*, 643 F.3d 502, 507-08 (6th Cir. 2011) (citing 42 U.S.C. § 2000e–5(e), (f); *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010)).  Ms. Qiu has not provided documentation that she filed a charge with the EEOC alleging any of these new acts of discrimination.  The charge preceding this case only alleges discrimination occurring in April and May of 2020.[1]  [R. 37 at 3.]  The new allegations occurred in 2014 or 2015, 2016, 2017, and 2019.  [R. 36.]

The Sixth Circuit has held that, because employees typically pursue Title VII claims pro se, their complaints are construed liberally.  *Younis*, 610 F.3d at 362.  Courts can consider discrimination claims not raised in an EEOC charge if they "are reasonably related to or grow out of the factual allegations in the EEOC charge."  *Id.*  The new allegations are all discrete instances of alleged discrimination: four ignored emails and one unsuccessful job application.  [R.36.]  Her properly raised claims of discrimination in 2020 would not "prompt the EEOC to investigate" the earlier, uncharged claims she now asks to add to her Complaint.  *Younis*, 610 F.3d at 362 (quoting *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir.1998)).  The new allegations are not reasonably related to the allegation in the EEOC charge, so Ms. Qiu failed to exhaust her administrative remedies on those claims and they would not survive a motion to dismiss.  Consequently, her requested amendment is futile and the Court denies her Motion to Amend.

---

[1] The Court relies on the Defendants' framing of the EEOC filing because it does not appear the filing is in the record.  Ms. Qiu did not challenge this framing in her Reply.  [R. 39.]

Ms. Qiu raises three arguments in Reply. First, she states the Defendants sought the communications she asks to add to her complaint in discovery. [R. 39 at 1.] She suggests that if the communications "are not good to present to court," the Defendants should not be seeking them in discovery. *Id.* The statute of limitations and administrative exhaustion requirements do not apply to discovery. The defendants can seek information that would not itself form the basis of a Title VII claim.

Second, Ms. Qiu argues that the Defendants "apply the wrong precedent" because the case they discuss in opposition to the Motion to Amend added a "new basis for jurisdiction." *Id.* at 1-2. She is correct that *Bargo* denied a plaintiff's request to amend an age discrimination complaint to add sex discrimination claims. *Bargo v. Goodwill Indus. of Ky.*, 969 F. Supp. 819, 824 (E.D. Ky. 2013). But both this Court and *Bargo* apply the general principle that an allegation not included in the EEOC charge can only be added if it is reasonably expected to grow out of the charge. *See id.* at 824. The Court finds that pursuant to that principle, Ms. Qiu's initial allegations would not suggest her new allegations. Therefore, her Motion to Amend is denied even though she is differently situated than the plaintiff in *Bargo*.

Finally, Ms. Qiu states "a timing charge of the most recent discrimination digs all the old one out." [R. 39 at 2.] This argument is difficult to comprehend. To the extent she alleges that raising one timely claim allows her to raise untimely claims, she is incorrect. *Younis*, 610 F.3d at 362. She may be referring to the hostile work environment context, in which untimely "component acts" of the claim can be considered if one "act contributing to the claim occurs within the filing period." *Nat'l R.R. Passenger Corp. v. Morgan*, 563 U.S. 101, 117 (2002). But she is alleging that she was *not* hired in discrimination for her national origin, not that she faced a hostile work environment. None of Ms. Qiu's arguments are availing.

### III

Accordingly, and the Court being sufficiently advised, the Plaintiff's Motion to Amend **[R. 36]** is **DENIED**.

This the 9th day of December, 2022.

Gregory F. Van Tatenhove
United States District Judge