UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| WEI QIU, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:21-cv-00027-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| BOARD OF EDUCATION OF | ) | **&** |
| ANDERSON COUNTY, KENTUCKY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on multiple pending motions. Ms. Qiu, a Chinese woman, brought this action alleging that Anderson County High School engaged in race, color, and national origin discrimination by not hiring her for a chemistry teacher position. [*See* R. 31 at 5-6.] Ms. Qiu filed two Motions for Summary Judgment and Anderson County filed a Cross-Motion for Summary Judgment. [R. 45; R. 46; R. 48.] Ms. Qiu also filed a Motion to "prove the defendant's bad faith" and a Motion to Sanction the Defendant's counsel. [R. 42; R. 53.] Finally, the parties filed a Joint Motion to Stay their pre-trial deadlines. [R. 58.] For the reasons that follow, Anderson County's Motion for Summary Judgment **[R. 48]** is **GRANTED** and Ms. Qiu's Motions for Summary Judgment **[R. 45; R. 46]** are **DENIED**. The Court also **DENIES** Ms. Qiu's Motions to Prove the Defendant's Bad Faith **[R. 42]** and for Sanctions **[R. 53]** and **DENIES AS MOOT** the Joint Motion to Stay Deadlines **[R. 58]**.

I

Ms. Qiu is a "neutralized [sic] US citizen with Chinese origin speaking accent English." [R. 31 at 5.] She applied for a chemistry teacher position at Anderson County High School in

April of 2020.  *Id.*  She alleges that she was "very well qualified for the position."  *Id.*  The school interviewed her for the position, after which she emailed Mr. White, the assistant principal, "every week to ask about the hiring decision."  *Id.*  In her emails, she "tried to convince him to hire [her] with new evidence."  *Id.*  "His answer was always that they were still searching for a new candidate."  *Id.*

The school hired Ms. Sutherland, a white candidate, for the position.  *Id.*  She was hired on the day she was interviewed, May 29.  *Id.*  Ms. Qiu claims that Mr. White "held [her] to wait to May 29, 2020 on which he found a white [candidate] available to him."  *Id.*  Ms. Qiu believes that Anderson County hired Ms. Sutherland because, unlike Ms. Qiu, she is a "white speaking perfect English."  *Id.*  Ms. Qiu brings this action alleging that Anderson County treated her differently than the white candidate because of her Chinese accent, arising to race, color, and national origin discrimination.  *Id.*

## II

### A

Summary judgment is appropriate when the pleadings, discovery materials, and other documents in the record show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986).  A genuine dispute exists "if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'"  *Olinger v. Corp. of the Pres. of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).  The moving party has the initial burden of demonstrating the basis for their motion and identifying the parts of the record that establish the absence of a genuine issue of material fact.  *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002).  The

movant may satisfy their burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. Once the movant satisfies this burden, the non-moving party must go beyond the pleadings and come forward with specific facts demonstrating there is a genuine issue in dispute. *Hall Holding*, 285 F.3d at 424 (citing *Celotex Corp.*, 477 U.S. at 324).

The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). In doing so, the Court must review the facts and draw all reasonable inferences in favor of the non-moving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001).

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). A plaintiff can prove her claims under Title VII by either direct or circumstantial evidence of intentional discrimination. *Ondricko v. MGM Grand Detroit, LLC*, 689 F.3d 642, 648–49 (6th Cir. 2012). "Direct evidence of discrimination is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Id.* (quoting *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003)); *see also Rowan v. Lockheed Martin Energy Sys., Inc.*, 360 F.3d 544, 548 (6th Cir. 2004) (direct evidence "proves the existence of a fact without requiring any inferences"). On the other hand, circumstantial evidence "is proof that does not on its face

establish discriminatory animus, but does allow a fact finder to draw a reasonable inference that discrimination occurred." *Wexler*, 317 F.3d at 570.

Ms. Qiu only offers circumstantial evidence of discrimination. She claims that Anderson County did not hire her "based on [her] national origin and race." [R. 31 at 5.] Her proof is that she was made to wait to hear about the hiring decision until Anderson County found a white candidate. *Id.* Ms. Qiu claims that hiring a white English-speaking candidate over her is direct evidence of discrimination. [R. 46 at 2.] It is not. Rather, it is circumstantial evidence because it relies on an inference: Ms. Qiu has an accent and a white candidate was hired, so Anderson County did not hire Ms. Qiu because of her race, color, or national origin.

The *McDonnell Douglas* burden shifting framework applies to employment discrimination claims based on circumstantial evidence. *Geiger v. Tower Automotive,* 579 F.3d 614, 621 (6th Cir. 2009). The plaintiff must first establish a prime facie case of discrimination. *Schoonmaker v. Spartan Graphics Leasing, LLC,* 595 F.3d 261, 264 (6th Cir. 2010) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 148 (2000)). If successful, the burden then shifts to the defendant to "articulate a legitimate nondiscriminatory reason for the adverse employment action." *Id.* (citation omitted). Once this showing has been made, the burden of production shifts back to the plaintiff who must show that the employer's explanation was merely pretext for intentional discrimination. *Id.* (citation omitted). Although the burden of production shifts throughout the analysis, the burden of persuasion remains on the plaintiff to "demonstrate that [the protected characteristic] was the 'but-for' cause of their employer's adverse action." *Id.* (quoting *Geiger,* 579 F.3d at 620) (internal quotations marks omitted).

4

**1**

Under the *McDonnell-Douglas* framework, Ms. Qiu must first establish a prima facie case of race or national origin discrimination by showing that: "(1) she was a member of a protected class, (2) she applied for and was qualified for the position . . ., (3) she was considered for and denied the position, and (4) she was rejected in favor of another person with similar qualifications who was not a member of her protected class." *Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1095 (6th Cir. 1996) (citing *Brown v. Tennessee*, 693 F.2d 600, 603 (6th Cir. 1982)). Anderson County assumes for the sake of its motion that Ms. Qiu can establish the first three elements of the prima facie showing. [R. 48 at 10.] It disputes the fourth element: that Ms. Qiu was treated differently than a similarly-situated, non-minority candidate. *Id.* Specifically, it argues that Ms. Sutherland, who was hired for the position, was more qualified than Ms. Qiu. *Id.* Ms. Sutherland has two decades of experience with Anderson County, "including having taught chemistry concepts as part of various science courses for at least ten (10) years." *Id*.

Even assuming that Ms. Qiu and Ms. Sutherland were similarly situated and Ms. Qiu could establish a prima facie case, the burden would then shift to Anderson County to produce a legitimate non-discriminatory reason for not hiring her. *Schoonmaker*, 595 F.3d at 264. "The defendant need not persuade the court that it was actually motivated by the proffered reasons." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). It need only set forth "through the introduction of admissible evidence, the reasons for the plaintiff's rejection." *Id.*

Anderson County satisfies this burden. It submitted an affidavit from Associate Principal White explaining his reasoning for selecting Ms. Sutherland over Ms. Qiu. [R. 48-1.] He explains that Ms. Sutherland was selected because the interviewers "had an existing collegial relationship" with her and knew of her "reputation as an exceptional instructor." *Id.* at 2. Ms.

5

Sutherland had previously taught at Anderson County for over twenty years and was once named teacher of the year. *Id.* This reasoning satisfies the burden of producing a legitimate non-discriminatory reason for not hiring Ms. Qiu. *See White v. Metro. Housing Auth.*, 429 F.3d 232, 245 (6th Cir. 2005). Accordingly, the burden shifts to Ms. Qiu to show that Anderson County's non-discriminatory reasons are mere pretext. *Id.*

**2**

A plaintiff can show pretext: "(1) by showing that the proffered reason had no basis in fact; (2) by showing that the proffered reason did not actually motivate the employer's conduct, or (3) by showing that the proffered reason was insufficient to warrant the challenged conduct." *White*, 429 F.3d at 245 (citing *Wexler*, 317 F.3d at 576). Ms. Qiu argues that Anderson County's proffered reasons for hiring Ms. Sutherland are pretextual. Ms. Qiu believes that Ms. Sutherland was not certified to teach chemistry, has no education in chemistry, and has no experience in teaching chemistry. [R. 45 at 2.] She concludes that Ms. Sutherland "was not qualified to teach chemistry" and "is actually ignorant of chemistry." *Id.* at 3. Ms. Qiu believes that Ms. Sutherland was hired "because she is an English speaker White/Caucasian, even though Sutherland was not capable to do the job which was teaching chemistry." *Id.* Ms. Qiu claims that she, in contrast, is qualified because she is certified to teach chemistry and presented references, evaluations, an award, and test scores. *Id.* She concludes that she is "a chemistry teacher of excellent quality." *Id.* Accordingly, she believes that Anderson County "rejected [her] because [it] discriminated against her for she is an accented Chinese." *Id.*

Anderson County explains that it saw Ms. Qiu's experience at numerous schools in a short time period as a red flag. [R. 48-1 at 2.] Nevertheless, the school offered her an interview. *Id.* Her interview responses "lacked specificity and clarity" and "raised concerns . . . in relation

6

to anticipated student reaction to her described teaching methodology as well as her description of her interactions with peers and supervisors." *Id.* Mr. White was also concerned with Ms. Qiu's "grasp of professional boundaries" because she twice attempted to respond to his call late at night. *Id.* On the other hand, the hiring committee knew Ms. Sutherland because she had previously taught at the school and had been named teacher of the year. *Id.* They knew that she wanted to return to teaching and had "a reputation as an exceptional instructor." *Id.*

Anderson County provides reasonable explanations for its choice to hire Ms. Sutherland over Ms. Qiu. [R. 48-1.] Ms. Qiu may disagree with that choice, but she has no evidence that Anderson County's conclusion that Ms. Sutherland was more qualified is untrue, not its true motivation, or insufficient to not hire her. *White*, 429 F.3d at 245. Her only specific argument about their disparate qualifications is that Ms. Sutherland does not have a chemistry teaching certificate. [*See* R. 45 at 2.] Ms. Sutherland stated in her affidavit that she was familiar with the chemistry curriculum as the science department chair and had previously taught chemistry concepts within numerous other science courses over the course of her twenty-two-year teaching career. [R. 48-2 at 1.] Mr. Drury, who is responsible for ensuring that teachers are properly certified, stated in his affidavit that Ms. Sutherland "is properly certified for each course she has taught," including her chemistry courses. [R. 48-3 at 1.]

Ms. Qiu cites no authority for her proposition that a teacher must be certified in the subject which they are teaching in order to be qualified. She relies on Ky. Rev. Stat. 160.020(1)(A), which requires a teacher to "hold a certificate of legal qualification for the position." That statute does not identify which certifications are required to teach which courses. Ms. Qiu's further support, a Certification Resource Guide, is also unsupportive. [R. 49-1 at 2-3.] But that guide "is not legally binding and is not a statement of law regarding areas of

7

certification." [R. 52 at 2-3 (citing *Certification Reference Guide*, Education Professional Standards Board, https://education.ky.gov/comm/Documents/Certification%20 Reference%20Guide-2011.pdf).] There is insufficient evidence to show that a chemistry certificate is required to teach chemistry. Accordingly, there is no genuine issue over whether Ms. Sutherland was qualified for the position.

Ms. Qiu disagrees with Anderson County's assessment about her and Ms. Sutherland's applications. [*See* R. 45.] This disagreement is insufficient to establish pretext without some evidence of discriminatory intent. *Wrenn v. Gould*, 808 F.2d 808 F.2d 493, 502 (6th Cir. 1987). "Title VII does not diminish lawful traditional management prerogatives in choosing among qualified candidates." *Id.* (citing *United Steelworkers of Am. v. Weber*, 443 U.S. 193, 207 (1979)). "So long as its reasons are not discriminatory, an employer is free to choose among qualified candidates." *Id.* (citations omitted). The employer's motivation is the focus of the inquiry, not "not the applicant's perceptions, or even an objective assessment, of what qualifications are required for a particular position." *Id.*

Ultimately, Anderson County claims that it hired Ms. Sutherland because she was more qualified. [R. 48 at 11-12.] It provides reasonable explanations for that perspective. *Id.* at 15-16. The mere facts that Ms. Qiu has a Chinese accent and a white candidate was hired do not establish that Anderson County's explanations are pretext. *Peters*, 285 F.3d at 470. If Ms. Qiu's position was correct, any individual who is a member of a protected class could bring a successful employment discrimination claim so long as the employer was aware of that protected class. Title VII does not require as such. Anderson County is entitled to summary judgment.

8

**B**

The Court will also deny Ms. Qiu's Motions to "prove defendant's bad faith to abuse civil procedure" and to sanction counsel for Anderson County. [R. 42; R. 53.] Her first motion allegedly "proves defendant lied in its Answer to the amended complaint." [R. 42 at 2.] She asks the court to "order this case to cease." *Id.* at 5. Her second motion asks the Court to sanction defense counsel for filing affidavits as exhibits to Anderson County's cross-motion for summary judgment "knowing there were material lies." [R. 53 at 1.] She primarily takes issue with Blake Drury's affidavit, claiming that he "perjured" himself by stating that Ms. Sutherland was qualified to teach chemistry. *Id.* at 2-4. She asks the Court to "refer Drury to Kentucky Attorney General to prosecute for his committing the Class D felony," and "take off Defendant's Cross Motion for Summary Judgment." *Id.* at 5.

Neither motion cites legal authority for her requested relief. The Court has reminded Ms. Qiu numerous times that her motions "must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it." [LR 7.1(a); *See* R. 4; R. 30 at 8.] Nevertheless, neither of Ms. Qiu's motions warrant any form of relief.

Ms. Qiu claims that Anderson County lied in paragraphs 24, 25, and 26 of its answer to the amended complaint. [R. 42 at 2-4.] Paragraph 24 denied her allegation that she was licensed with two-and-a-half years of experience and "very well qualified" because it "lacks sufficient information." [R. 34 at 5.] A denial based on insufficient information is not a "lie." Second, Ms. Qiu admits that she made multiple late-night calls to Mr. White, so paragraph 25's reference to the calls is not a lie. [R. 42 at 3; R. 34 at 5.] She explains her view of the phone calls, but differing perspectives do not constitute a bad faith misrepresentation. Finally, paragraph 26's response that Ms. Sutherland was highly qualified is a subjective assessment, not a lie. [R. 34 at

9

6.] Ms. Qiu's motion to prove the Defendant's bad faith shows that she disagrees with Anderson County's version of events. [*See* R. 42 at 3.] But different perspectives on the events do not make Anderson County's responses "lies" or establish bad faith. Accordingly, she is entitled to no relief based on the Defendant's answer to her amended complaint.

Ms. Qiu's Motion to Sanction Mr. Chenoweth is similarly unconvincing. She insists that Blake Drury's affidavit, submitted as an exhibit by Mr. Chenoweth, constitutes perjury. [R. 53 at 2-4.] Mr. Drury, whose responsibility is to prepare a report confirming that instructors are qualified to teach their courses, confirmed that "Ms. Sutherland is properly certified for each course she has taught." [R. 48-3 at 1.] Ms. Qiu believes that this is perjurious because Ms. Sutherland taught chemistry without a chemistry certificate. [R. 53 at 3.] As explained above, the statute to which she cites, Ky. Rev. Stat. 160.020(1)(A), only requires that a teacher hold "a certificate of legal qualifications for the position." Her additional referenced authority, the Certification Resource Guide, "is not legally binding and is not a statement of law regarding areas of certification." [R. 52 at 2-3 (citing *Certification Reference Guide*, Education Professional Standards Board, https://education.ky.gov/comm/Documents/Certification%20Reference%20Guide-2011.pdf).] Ms. Qiu does not establish that Mr. Drury's statement was false, let alone perjurious. Accordingly, there are no grounds to sanction Mr. Chenoweth.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Defendant's Motion for Summary Judgment **[R. 48]** is **GRANTED**;

2. The Plaintiff's Motions for Summary Judgment **[R. 45; R. 46]** are **DENIED**;

3. The Plaintiff's Motion to Prove Defendant's Bad Faith is **DENIED**;

4. The Plaintiff's Motion for Sanctions is **DENIED**;

5. The Joint Motion to Stay **[R. 58]** is **DENIED AS MOOT**; and,

6. An appropriate judgment will be entered contemporaneously herewith.

This the 28th day of August, 2023.

Gregory F. Van Tatenhove
United States District Judge