UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| WEI QIU, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KENTUCKY BOARD OF EDUCATION ) <br> OF ANDERSON COUNTY, ) <br> ) <br> Defendant. ) | Civil No. 3:21-cv-00027-GFVT <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Ms. Qiu's Motion to Alter the Court's order granting summary judgment to the Defendant. [R. 62.] She takes issue with many conclusions reached in that order. *Id.* Ms. Qiu establishes no grounds to amend the order, so her Motion **[R. 62]** is **DENIED**.

**I**

Ms. Qiu applied for a chemistry teacher position with Anderson County High School in April 2020. [R. 1 at 5.] She believes that she was "well qualified" for the position. *Id.* A white candidate was interviewed and hired shortly thereafter. *Id.* Ms. Qiu claims "when a white speaking perfect English was found, [the assistant principal] was satisfied." *Id.* She alleges this violates Title VII because the assistant principal "was not uniform to the white candidate and me whom was a Chinese with accent." *Id.*

The Court granted summary judgment to Anderson County because Ms. Qiu could not establish that its proffered reasons for not hiring her were pretextual. [*See* R. 59 at 7-8.] Now, she asks to amend that order because it is "seriously wrong on facts and laws." [R. 62 at 1.] Her

motion largely restates arguments which have been sufficiently addressed and rejected. Nevertheless, the Court has considered each argument and determined that there are no grounds to amend the order.

## II

Rule 59(e) allows a litigant to file a motion to alter or amend a judgment of a district court where there has been a clear error of law, newly discovered evidence, an intervening change in the law, or to prevent manifest injustice. *See, e.g.*, *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 833 (6th Cir. 1999). A motion under Rule 59(e) is "not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Further, a "manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Whether to grant or deny a Rule 59(e) motion is generally within the district court's sound discretion. *See Engler*, 146 F.3d at 374.

### A

First, Ms. Qiu argues that the Court "skipped Qiu's authority" by not addressing a statute, 16 KAR 2:120(1), and a regulation, KRS § 161.020(1)(a), that she cited. [R. 62 at 4-6.] 16 KAR 2:120(1) applies to emergency teacher certifications and Ms. Qiu did not, and does not now, explain the relevance of emergency certification to her motion. 16 KAR 2:120(1) ("KRS 161.100 authorizes the Education Professional Standards Board to establish qualifications for granting emergency certificates if qualified teachers are not available for specific positions.") The Court did not commit "purposeful error" by not addressing this regulation which, though cited by Ms. Qiu, is not relevant to her claim. [R. 62 at 4.]

2

Further, the Court did address KRS § 161.020(1)(a), which requires that a teacher holds a certificate of legal qualification for the position. Ms. Qiu claims that the Court's order "messed with" that statute and was "horribly wrong." [R. 62 at 5.] The order stated that Ms. Qiu did not provide any explanation for the meaning of "certificate of legal qualification." [R. 59 at 7-8.] She infers that a certificate in the precise subject in which a teacher holds a position is required, but provides no support for that conclusion. [R. 62 at 5-6.] Accordingly, the Court did not "mess with" that statute. *Id.* at 5. The Court explained its reasoning as to why that statute alone, with no further support, does not establish that the candidate who was ultimately hired for the position was not qualified. [R. 59 at 7-8.] If Ms. Qiu disagrees with the Court's analysis regarding the regulation or statute she cited, the appropriate avenue is to appeal the Court's order.

**B**

Next, Ms. Qiu claims that the Court erroneously applied *White v. Metro Housing Auth.*, 429 F.3d 232 (6th Cir. 2005), by concluding that she failed to establish that Anderson County's proffered reasons for not hiring her were pretextual. [R. 62 at 6-7.] She insists that the Defendants' reasons for not hiring her were pretext because she was more qualified than the candidate who was hired. *Id.* As the Court explained in its summary judgment order, Ms. Qiu does not establish pretext because her perspective on the value of their respective qualifications is not evidence that Anderson County's proferred reasons were "untrue, not its true motivation, or insufficient to not hire her." [R. 59 at 7.] Her motion to amend suffers the same flaw. Accordingly, the Court accurately applied *White* and will not amend its order.

3

C

Ms. Qiu then insists that the Court erred by "only consider[ing] Defendant's reasons" to grant its summary judgment order. [R. 62 at 7-8.] This argument repeats her belief that Anderson County's reasons for not hiring her were pretextual because she was more qualified than the hired candidate. *Id.* The Court explained in detail its grounds for concluding that Anderson County proffered reasonable explanations for not hiring Ms. Qiu and that Ms. Qiu failed to establish pretext. [R. 59 at 6-7.] The Court did not "consider[] only Defendant's reason." [R. 62 at 9.] It considered the arguments of each side and ultimately ruled in the Defendant's favor. [R. 59 at 6-7.] The appropriate venue for Ms. Qiu to raise her disagreement with that conclusion is an appeal.

D

Finally, Ms. Qiu identifies an alleged "error of facts" in the portion of the order concluding that she has no evidence that Anderson County's proffered reasoning is not pretext. [R. 62 at 9.] This is not a factual assertion; rather, it is a legal conclusion. Ms. Qiu's evident disagreement with that conclusion is not grounds to amend the order. She believes that she was more qualified for the position. But the Court explained in its order why she is incorrect. [R. 59 at 6-8.] It addressed her arguments about the candidates' respective qualifications and Mr. Drury's affidavit. *Id.* Ms. Qiu can raise her complaints with the Court's conclusion on appeal but the issue has been finally resolved in this Court.

III

Accordingly, and the Court being sufficiently advised, Ms. Qiu's Motion to Alter **[R. 62]** is **DENIED**.

4

This the 18th day of September, 2023.

Gregory F. Van Tatenhove
United States District Judge

5