UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| WEI QIU, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:21-cv-00027-GFVT-MAS |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ANDERSON COUNTY, KY BOARD OF EDUCATION, | ) | **&** |
| | ) | **ORDER** |
| | ) | |
| Defendant. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Plaintiff's Motion to Alter this Court's Previous Order Denying Plaintiff's Motion to Reopen. [R. 82.] For the reasons that follow, the Plaintiff's Motion **[R. 82]** will be **DENIED**. Additionally, in light of her continued frivolous filings in this matter, Plaintiff will be directed to provide the Court with a written explanation as to why the Court should not impose prefiling restrictions upon her.

**I**

This action commenced in 2021 when Ms. Qiu, proceeding *pro se*, brought this action alleging that Anderson County violated Title VII of the Civil Rights Act of 1964 by discriminating against her on the basis of her race, color, and national origin. [R. 1.] She claims she was not hired for a chemistry teacher position because of her Chinese accent. *Id.* at 5. The parties filed cross motions for summary judgment, which this Court granted in favor of Anderson County on August 28, 2023. [R. 59.] Ms. Qiu then appealed that decision to the Sixth Circuit which affirmed this Court's decision. [R. 68.] Then, Ms. Qiu appealed to the Supreme Court of the United States, which denied her petition for a writ of certiorari. [R. 72.]

Still not satisfied with the outcome, Ms. Qiu brought a Motion to Reopen the case,

claiming that the decision of this Court conflicted with the decisions of Judge Reeves and the Sixth Circuit Court of Appeals in a separate case that Ms. Qiu brought against Woodford County, Kentucky Board of Education. [R. 73 at 3.] This Court denied Mr. Qiu's Motion to Reopen, finding that Ms. Qiu had not carried her burden under Rule 60(b) to establish that she was entitled to relief from this Court's prior judgment. [R. 75 at 3.] Ms. Qiu then moved to alter that Order, generally presenting the same arguments that she has on numerous occasions. [R. 76.] The Court denied Ms. Qiu's motion, finding that she presented no grounds that warranted relief under any provision of the Federal Rules of Civil Procedure. [R. 78.] Then, Ms. Qiu filed another motion to reopen the case, which the Court denied. [R. 80; R. 81.]

Undeterred, Ms. Qiu brings the present motion to alter the Court's Order denying her second motion to reopen. [R. 82.] Defendant Anderson County filed a response, disputing Ms. Qiu's arguments and concluding by asking the Court to impose a filing restriction on Ms. Qiu. [R. 83.] Ms. Qiu has now filed her reply, and as such, the matter is fully ripe for review. [R. 84.]

## II

### A

The Court begins by discussing Ms. Qiu's "59(e) Motion to Alter Order DN 81." [R. 82.] As the Defendant points out, and as this Court has explained previously in this matter, Federal Rule of Civil Procedure 59(e) is not the proper vehicle for Ms. Qiu's desired result. Rule 59(e) allows a litigant to file a motion to alter or amend a *judgment* of a district court where there has been a clear error of law, newly discovered evidence, an intervening change in the law, or to prevent manifest injustice. *See, e.g.*, *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Ms. Qiu takes issue with the Court's Order denying her motion to reopen this

2

case which, as the name suggests, is an *order*, not a *judgment*. [R. 82.] However, because Ms. Qiu is proceeding *pro se*, the Court will liberally construe her pleadings and will not deny her motion solely on the basis of citing the incorrect rule for the relief she desires. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a court's order based on one of the enumerated grounds. Fed. R. Civ. P. 60(b). The grounds for relief under Rule 60(b) are:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Plaintiff bears the burden of establishing the grounds for 60(b) relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). Ms. Qiu's first argues that the Court misapplied caselaw in its previous order which she contends warrants reconsideration. [R. 82 at 1-3.] Because the Supreme Court has held that "a judge's errors of law are indeed 'mistakes' under Rule 60(b)(1)," the Court will construe Ms. Qiu's first argument as one under Rule 60(b)(1).

From time to time throughout this litigation, Ms. Qiu has taken issue with the Court issuing orders prior to her reply. [R. 79 at 1.] In the Court's most recent Order in this matter, the Court addressed her concerns, quoting language from *Reed v. Rhodes* which states, "district courts have wide discretion to manage their own dockets and to decide issues which have consumed considerable resources, as in the instant matter." [R. 81 at 2 (quoting *Reed v. Rhodes*,

3

179 F.3d 453, 471 (6th Cir. 1999).] The Court cited *Reed* to stand for the proposition that the Court has broad discretion to manage its docket, and in the interest of judicial economy, found it appropriate to issue an Order prior to Ms. Qiu's reply. *Id.* In her present motion, Ms. Qiu asserts that *Reed* did not squarely address a "judge issu[ing] his order before the litigators had finished their argument." [R. 82 at 1.] Thus, she contends that it was an error for the Court to cite *Reed* in its Order and presumably asks the Court to reopen this case on that basis. *Id.* at 1-3.

While the Court agrees that the underlying substantive issue in *Reed* did not concern the Court's discretion to manage its docket, as the Defendant points out, the Court merely cited this case for "the unremarkable procedural notion that a district court has broad, inherent discretion to manage its docket." [R. 83 at 2.] The fact that *Reed* predominantly concerned other areas of the law does not make the sentiment any less true, and Ms. Qiu does not provide any authority to contravene the cited portion of *Reed*. Additionally, the Court did not rely upon *Reed* for any part of its decision and instead was simply attempting to quiet Ms. Qiu's concerns, apparently to no avail. Thus, Ms. Qiu cannot rely on this purported "misapplication" of *Reed* as grounds for her present motion, when *Reed* was irrelevant to the Court's actual decision to deny her motion to reopen.

Turning to her next contention, Ms. Qiu presents an all-too-familiar argument: Ms. Sutherland, the individual hired instead of Ms. Qiu, was not properly certified for the position. [R. 82 at 3-6.] Ms. Qiu has made this argument on countless occasions, dating all the way back to her motion for summary judgment in May of 2023 [R. 49 at 1-3], and as recently as this past December. [R. 80 at 1-2.] More specifically, Ms. Qiu contends that Blake Drury—whose affidavit was relied upon by both Anderson County in its motion for summary judgment and the Court in its grant of summary judgment in Anderson's favor—lied when he said that Ms.

4

Sutherland is "properly certified" to teach chemistry. [R. 48-3 at 1; R. 82 at 5-6.] As in the past, Ms. Qiu provides no support for these contentions, and the Court reiterates that it is immaterial whether Ms. Sutherland had any particular certification because the Court is aware of no authority that requires a teacher to be certified in the subject which they are teaching in order to be qualified. [*See* R. 59 at 7-8.] As such, Ms. Qiu has not demonstrated any grounds for relief based on this argument.

Then, consistent with her standard practice, Ms. Qiu concludes her motion by accusing the Court of bias, misrepresenting the facts, and violating various provisions of the Constitution. [R. 82 at 6-7.] Ms. Qiu's only evidence to this effect is that the Court ultimately ruled in favor of Anderson County and continues to deny Ms. Qiu's requests to relitigate this case. *Id.* However, in the absence of "extrajudicial antagonism," "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Lewis v. Zero Breese Roofing Co.*, 3 Fed. Appx. 369, 371 (6th Cir. 2001) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994). Put simply, Ms. Qiu cannot claim that the Court is biased against her on the basis of unfavorable rulings alone. Accordingly, the Court finds that Ms. Qiu has not put forth any grounds that warrant reopening this matter, and will proceed to address Anderson County's request for a filing sanction.

**B**

As a final matter, Defendant Anderson County has asked the Court to impose filing restrictions upon Ms. Qiu, so that this matter may "at long last," come to an end. [R. 83 at 4-5.] Ms. Qiu has historically—both in this matter and other matters before the Court—prolonged litigation by attempting to relitigate resolved matters. *See e.g. Qiu v. Bd. of Educ. of Woodford Cnty. Public Schools*, No. 5:22-cv-196-DCR; *Qiu v. Bd. Of Educ. Of Scott Cnty., Kentucky*, No. 5:21-cv-197-GFVT. While this Court holds pro se litigants' filings to a less stringent standard,

5

they are not immune from showing proper respect to the Court and opposing counsel. Furthermore, a *pro se* litigant is "not entitled to bombard the court with frivolous pleadings and harass [her] opponent." *Bonds v. Daley*, 2018 WL 2405903, at *16 (E.D. Ky. Feb. 21, 2018).

Ms. Qiu repeatedly makes ad hominem attacks against opposing parties and counsel, fails to adhere to the Local Rules, and unnecessarily burdens her opponents by prolonging litigation long past entry of final judgment through never-ending frivolous filings. Ms. Qiu continuously asks this Court, without legal justification, to reverse course on long-settled issues. Each time the Court denies Ms. Qiu her requested relief, she reappears to belabor very same arguments that she has asserted from the outset of this case. In addition, Ms. Qiu often takes issue with certain language used in the Court's orders denying her motions to reopen the case, painstakingly parsing through the language of this Court's orders in an attempt to fight the inevitable. With no end in sight, Anderson County finally asks the Court to relieve it from having to continue to respond to Ms. Qiu's meritless filings.

The Court finds that a filing restriction which enjoins Ms. Qiu from filing any documents in this case without certification from a magistrate judge that the proposed filing is not frivolous and was not filed for an improper purpose is appropriate at this juncture. In two other cases brought before this Court, Ms. Qiu has had this very filing restriction imposed upon her. *See* Memorandum Opinion & Order, *Qiu v. Bd. Of Educ. Of Scott Cnty.*, No. 5:21-cv-197-GFVT-EBA (E.D. Ky. Jan. 23, 2023), ECF No. 97; *See* Memorandum Opinion & Order, *Qiu v. Bd. Of Educ. Of Woodford Cnty. Public Schools*, No. 5:22-cv-196-DCR-HAI (E.D. Ky. Nov. 23, 2023), ECF No. 40. In all three of her cases in this district, Ms. Qiu has been reminded on numerous occasions of her requirements to state with particularity the grounds for her motions, and the legal arguments necessary to support them, as well as her duty to show proper courtesy for the

Court and opposing counsel. [*See e.g.* R. 76 at 2-3.]

Nevertheless, over the span of four months, Ms. Qiu has filed four motions asking the Court to reopen this case without providing a single meritorious legal or factual basis for doing so. [R. 73; R. 76; R. 80; R. 82.] Ms. Qiu continues to lodge baseless accusations against the Court and opposing counsel, even going so far as to claim that the Court itself is biased against Ms. Qiu because of her race and granted summary judgment in Defendant's favor "[b]y massive cherry picking" in furtherance of that bias. [R. 76 at 3; R. 82 at 8.] While the Court understands that Ms. Qiu is disappointed with the outcome of her case, this "does not excuse her attempts to slander the Court by making unfounded accusations of bias or prejudice." *Qiu v. Bd. Of Educ. Of Woodford Cnty. Public Schools*, 2023 WL 8099107, at *5 (E.D. Ky. Nov. 21, 2023) (citing *Mayberry v. Pennsylvania*, 400 U.S. 455, 462 (1971).

Throughout her recent filings, Ms. Qiu continually denigrates the opposing party and its counsel, referring to Ms. Sutherland (the teacher hired in lieu of Ms. Qiu) as "ignorant of chemistry" and accusing opposing counsel and its witnesses of perjury. [R. 76 at 7-8; R. 80 at 1.] These types of insults and baseless attacks have come to be Ms. Qiu's standard practice in this case and in other cases brought in the Eastern and Western District of Kentucky. *See e.g.* Motion for Sanctions, *Qiu v. Bd. of Educ. of Oldham Cnty. Schs.,* No. 22-cv-383 (W.D. Ky. July 19, 2022), ECF No. 18 (accusing opposing counsel of misrepresenting the law); Motion for Sanctions, *Qiu v. Bd. of Educ. of Nelson Cnty. Schs.*, No. 22-cv-334 (W.D. Ky. July 19, 2023), ECF No. 22 (same); Motion to Strike—Exhibit A, *Qiu v. Bd. of Educ. of Scott Cnty.,* No. 21-cv-197 (E.D. Ky. Oct. 13, 2021), ECF No. 14-1 (notifying opposing counsel that she will move to "sanction, prosecute, disbar" to stop counsel from "criminally operating this case"); Motion for Sanctions, *Qiu v. Bd. of Educ. of Hardin Cnty.,* No. 21-cv-482 (W.D. Ky. Aug. 2, 2023), ECF

7

No. 113 (accusing the defendant and opposing counsel of involving students in a perjury scheme); Motion to Recuse, *Qiu v. Bd. of Educ. of Scott Cnty.*, No. 21-cv-197 (E.D. Ky. Aug. 28, 2023), ECF No. 129 (accusing the presiding judge of having "served defendant and its lawyers as their lawyer" and doing so "with his power"); Motion to Recuse, *Qiu v. Anderson Cnty. High Sch.*, No. 21-cv-027 (E.D. Ky. Sept. 1, 2023), ECF No. 61 (making a similar accusation).[1]

Federal courts possess inherent authority to prevent abuse of the judicial process by enjoining those who file multiple frivolous pleadings. *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987). And as this Court has noted in the past:

> Any person proceeding pro se who repeatedly makes frivolous and/or abusive filings abuses the right to represent herself without counsel and imposes a heavy burden upon the resources of the court at the expense of other litigants with potentially meritorious claims. Simply put, this conduct is not appropriate and should not be tolerated.

*Wesley v. Accessible Home Care*, Civil Action No. 5:18-200-DCR, 2018 U.S. Dist. LEXIS 206120, at *7 (E.D. Ky. Dec. 6, 2018). When litigants abuse their right to access the courts by acting frivolously or vexatiously, "the Court may impose sanctions as may be necessary and appropriate to deter such conduct[.]" *Id.* (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45 (1991)).

While the Court may not "absolutely foreclose[]" Ms. Qiu "from initiating an action in a court of the United States," the Court may require her "to make a showing that a tendered [filing] is not frivolous or vexatious before permitting it to be filed." *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). As far as vexatious litigants go, Courts have often found pre-filing restrictions a permissible measure. *Hyland v. Stevens*, 37 Fed. Appx. 770, 771 (6th Cir. 2002);

---

[1] Judge Reeves collected the foregoing examples of Ms. Qiu conduct in his Order directing Ms. Qiu to Show Cause as to why a filing restriction should not be imposed upon her. *See Qiu v. Bd. Of Educ. of Woodford Cnty. Public Schools*, No. 5:22-cv-196-DCR-HAI, 2023 WL 8099107, at *6 (E.D. Ky. Nov. 21, 2023). In the interest of judicial economy, the Court incorporates said list in its entirety into this Order.

*Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998).

Bearing in mind Ms. Qiu's lengthy history of abuse of the judicial process detailed above, the Court finds sufficient evidence to enjoin Ms. Qiu from filing any document in the above captioned matter without first obtaining certification from a United States Magistrate Judge that the claims therein are not frivolous and that the document is not submitted for an improper purpose. The Court finds this requirement to be the least restrictive means of promoting the interest of judicial economy and protecting the other parties before the Court. Prior to imposing this restriction, the Court will allow Ms. Qiu to file a written response indicating, with specificity as to the factual and legal grounds, any opposition to the restriction.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Plaintiff's Motion to Alter Judgment **[R. 82]** is **DENIED**;

2. Within **twenty-one (21) days**, Plaintiff is directed to **SHOW CAUSE** why the Court should not impose the filing restriction described above. Plaintiff is directed to file a written response articulating the factual and legal grounds for any opposition to the filing restriction described above; and

3. With the exception of responding to paragraph 2 of this Order, Plaintiff is temporarily **ENJOINED** from filing any documents or motions in this case until entry of the Court's order regarding a prefiling restriction.

This the 19th day of February, 2026.

Gregory F. Van Tatenhove
United States District Judge